UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 23-61-DLB-CJS

IVAN YOUNG                                                                                          PLAINTIFF

v.                       **MEMORANDUM OPINION AND ORDER**

FEDEX EXPRESS, et al.                                                                       DEFENDANTS

\* \*   \* \*   \* \*   \* \*   \* \*   \* \*   \* \*   \* \*

This matter is before the Court upon the March 23, 2023, Report and Recommendation ("R&R") of United States Magistrate Judge Stephanie K. Bowman (Doc. # 25) and Defendant Federal Express Corporation's ("FedEx") Partial Motion to Dismiss the Complaint. (Doc. # 16). Young filed his Objections to the R&R (Doc. # 30), and Defendant filed its Response (Doc. # 32). Young filed his Response to the Partial Motion to Dismiss, (Doc. # 31), and Defendant filed a Reply (Doc. # 33). For the reasons stated below, Magistrate Judge's Report and Recommendation is **adopted** and Defendant's Partial Motion to Dismiss is **granted.**

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Ivan Young is an African American male who is employed by Defendant FedEx and has been since January 7, 2019. (Doc. # 3 at 5). He currently works as a material handler for FedEx. (*Id.*). He alleges that he has been treated differently by FedEx management because of his race. (*Id.*). In his *pro se* Complaint, Young alleges

1

a number of incidents in support of his claims of discrimination, hostile work environment, and retaliation.  (*See* Doc # 3).

The first incident occurred on May 21, 2020.  (*Id.* at 5).  Young reached out to Steve Wasserman[1] about unfair treatment and received a "generic response back" on June 3, 2020, stating the alleged unfair treatment would be investigated.  (*Id.*).  Young alleges that there was no follow up or investigation.  (*Id.*).

Also on June 3, 2020, Young alleges that co-worker Chad Bollinger, a white man, became upset for an unknown reason and became aggressive towards Young.  (*Id.*).  Bollinger cursed and yelled at Young, calling him an "idiot, dumb mother fucker."  (*Id.*).  Young alleges others witnessed the incident, and Bollinger was not disciplined for this behavior.  (*Id.*).

On June 24, 2020, FedEx management held a "Good Fair Treatment" Meeting.  (*Id.*).  This meeting involved Young, Bernice Boyden from Human Resources, Senior Manager Guy Nichols, Supervisor Jim Newton, and Director Jim Defelice.  (*Id.*).  Young felt that the meeting was "one-sided and unproductive."  (*Id.*).  He attempted to explain that he had been "experiencing bullying because of his race, retaliation, and hostile behavior" from other employees and management.  (*Id.*).  Young was asked why he felt that way, to which he responded that he was "being treated different from the other employees."  (*Id.*).

Young gave management an example about an incident that had occurred.  He alleges that at one point, a white employee threw a box that hit a Black employee in the head which resulted in the Black employee needing staples to close the wound.  (*Id.*).

---

[1]     Young does not clarify in his Complaint what Wasserman's role is at FedEx.

Young alleges that management knew about this incident.  Young stated then that in comparison, he had been accused of throwing a box on the floor (which he says was not true) and was suspended for a week as a result.  (*Id.*).

On November 11, 2021, Young alleges his manager, Defendant Jonathan Stewart cut his hours.  (*Id.*).  On Nov. 16, 2021, Young found out that his hours had been transferred to two white employees allegedly so that they could have extra hours.  (Doc. # 3 at 5-6).

Young alleges that in December 2021, Defendant Stewart asked him to write a statement about an accident that had occurred two months previously despite Young already having provided a statement at the time of the accident.  (*Id.* at 6).  Young had injured his foot and leg as a result of the accident.  (*Id.*).  Young alleges that he was sent home the day after the accident and put on unpaid medical leave rather than accommodated for his injury even though he had provided a doctor's note.  (*Id.*).

Young brings his claims under Title VII of the Civil Rights Act.  (Doc. # 3 at 3).  Young filed a *pro se* Complaint in the United States District Court for the Southern District of Ohio against Defendants FedEx and Jonathan Stewart alleging claims of race discrimination, hostile work environment, and retaliation.  (Doc. # 3 at 2).  On April 6, 2022, Young filed a Charge of Discrimination with the EEOC, which he attached to his Complaint.  (Doc. # 3 at 10).  On April 19, 2022 the EEOC issued a Notice of Right to Sue, which Young filed on February 17, 2023.  (Doc. # 20).

On January 26, 2023, FedEx filed a Partial Motion to Dismiss for Failure to State a Claim (Doc. # 16) seeking to dismiss Young's claims for hostile work environment and retaliation.  Young did not file a Response.  (*See* Doc. # 21 at 1).  On March 1, 2023,

Magistrate Judge Bowman ordered Young to show cause why Defendant's Partial Motion to Dismiss should not be construed as unopposed and therefore granted. (Doc. # 21). The Order also directed Young to show cause why the Complaint should not be dismissed without prejudice as to Defendant Jonathan Stewart for failure of service of process. (Doc. # 22). Young did not respond to the Show Cause Order.

On March 29, 2023, Magistrate Judge Bowman filed a Report and Recommendation ("R&R") recommending that Young's Complaint be dismissed without prejudice as to Defendant Jonathan Stewart for failure of service of process. (Doc. # 25). On April 13, 2023, Young filed his Objections to the R&R, (Doc. # 30), and Response to Defendant's Partial Motion to Dismiss. (Doc. # 31). FedEx filed its Response to Young's Objections (Doc. # 32) and its Reply to Young's Response to Defendant's Partial Motion to Dismiss (Doc. # 33). On May 8, 2023, the case was transferred to this Court (Doc. # 34).

## II.   ANALYSIS

### A.   Standard of Review

Under the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This does not require "detailed factual allegations," but the plaintiff must have pled "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 (1955)). A complaint that "fails to state the specific acts of the defendant which violated the plaintiff's rights" does not meet the requirements of Rule

4

8(a). *Laster v. Pramstaller*, No. 08-CV-10898, 2008 WL 1901250, at *2 (E.D. Mich. Apr. 25, 2008).

To survive a motion to dismiss for failure to state a claim, Young's Complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Brown v. Matauszak*, 415 F. App'x 608, 612 (6th Cir. 2011) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 (1955)). *Pro se* complaints are held to a less stringent standard than complaints drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, this liberal pleading standard is not without limits and does not "abrogate basic pleading essentials in pro se suits." *Clark v. Johnson*, 413 F. App'x 804 (6th Cir. 2011) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

This Court accepts as true all factual allegations made by Young in his Complaint and construes them in the light most favorable to Young as the non-moving party. *Left Fork Min. Co. v. Hooker*, 775 F.3d 768, 773 (6th Cir. 2014). However, this does not mean the Court must accept as true any "legal conclusion[s] couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The Supreme Court has stated that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

**B. Failure of Service of Process as to Defendant Stewart**

Magistrate Judge Bowman recommended that Young's Complaint be dismissed without prejudice as to Defendant Jonathan Stewart for failure of service of process. (Doc. # 25 at 2). The Court agrees.

Under Rule 4 of the Federal Rules of Civil Procedure, Defendants must be served "within 90 days after the complaint is filed" unless the plaintiff can show good cause for

failure of service within the 90 day timeframe. The Sixth Circuit will generally construe Rule 4 leniently for *pro se* defendants. *Habib v. General Motors Corp.*, 15 F.3d 72, 74 (6th Cir. 1994). However, the cases that have applied this lenient standard involved a *pro se* plaintiff that made some "reasonable and diligent" effort to serve process on the defendant. *See, e.g., id.*; *Warner v. Evans*, No. 5:09-CV-63-KKC, 2009 WL 3244751, at *3 (E.D. Ky. Oct. 5, 2009). Here, Young made no such showing because he did not respond to the Show Cause Order at all until after the Magistrate Judge's R&R had already been filed.

Even if the Court takes a more lenient approach and accepts Young's delayed response, his efforts were still inadequate. The summons issued to Defendant Jonathan Steward had been returned unexecuted on November 22, 2022. Magistrate Judge Bowman ordered Young to Show Cause why Stewart had not been served on March 1, 2023, 99 days later. (Doc. # 22). Young's response came 15 days after the R&R was filed, and 43 days after the initial Show Cause Order (which included a 20-day deadline). (*Id.*).

Young objected to the R&R, stating that he was aware the summons was unexecuted, and that he had sent copies of the summons himself that had been sent back. (Doc. # 30). However, he did not indicate why it had taken so long for him to reply to the Magistrate Judge's Show Cause Order. Nor did he indicate what other attempts he made to serve process, instead stating that "[his] attempts to serve Jonanthan Stewart [have] been eluded on purpose." (Doc. # 30). In her initial Show Cause Order, Magistrate Judge clearly instructed Young that he needed to "provid[e] an accurate service address for the Defendant to the Court" and "mov[e] the Court for reissuance of service of the

6

Complaint upon the Defendant." Nothing in the docket nor Young's objection to the R&R indicates that either of these was attempted.

Absent this showing, Young cannot assert that he made reasonable and diligent efforts to serve process on Stewart. *See Habib,* 15 F.3d at 75 (finding that diligent efforts were made when "plaintiffs immediately attempted to make service in accordance with the magistrate judge's instructions."). Young's failure to properly serve process despite clear instructions and warnings from the court will result in dismissal despite his *pro se* status. *See Frame v. Superior Fireplace*, 74 F. App'x 601, 603 (6th Cir. 2003). Accordingly, the claims against Defendant Stewart are **dismissed**.

### C. Young's Title VII Claims

Under Title VII, is it "unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). This includes claims of a "discriminatorily hostile or abusive work environment," *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993), and retaliation based on the assertion of claims under this section. *Laster v. City of Kalamazoo*, 746 F.3d 714, 729–30 (6th Cir. 2014). The Court will consider Young's hostile work environment and retaliation claims in turn.

#### 1. Hostile work environment claim

##### a. Statute of limitations

FedEx argues that Young's hostile work environment claim is time barred because he did not timely file his charge of discrimination with the EEOC. (Doc. # 16 at 2). The Court disagrees. Plaintiffs asserting a claim under Title VII must file a timely charge with

7

the EEOC to bring suit. *Amini v. Oberlin Coll.*, 259 F.3d 493, 498 (6th Cir. 2001) (citations omitted). Title VII states that the statute of limitations begins to run when "the alleged unlawful employment practice occurred". § 2000e–5(e)(1). Charges must be "filed within one hundred and eighty days" after this point. *Id.* The 300-day limitations period will apply if the plaintiff has first initiated proceedings with a state or local agency. *See Syed v. N. Kentucky Water Dist.*, No. CIV.A. 08-197-DLB, 2010 WL 1235330, at *4 (E.D. Ky. Mar. 23, 2010). There is no indication Young did so here, so the applicable limitations window is 180 days.

Young's filing is well within the statute of limitations. The December 2021 date is the correct one for conducting a statute of limitations purposes. FedEx argues that the November and December 2021 incidents are not actionable under a claim of hostile work environment because they are really "discrete acts . . . actionable in their own right." (Doc. # 16 at 3). The Court finds this distinction unpersuasive. The Sixth Circuit has stated that the court should take a "holistic perspective" and consider the "harassment by all perpetrators combined" when conducting an analysis of hostile work environment. *Gen. Motors Corp.,* 187 F.3d at 562 (citations omitted). Additionally, the Supreme Court has instructed that "[Title VII] does not separate individual acts that are part of the hostile environment claim from the whole for the purposes of timely filing and liability." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 118 (2002). Because a claim of hostile work environment "is composed of a series of separate acts that collectively constitute one 'unlawful employment practice,'" the Court will consider acts that may fall outside of the statutory time period. *Id.* (quoting 42 U.S.C. § 2000e–5(e)(1)). As long as one of those acts is not time barred, the claim will not fail as untimely. *See id.* at 119.

Here, the December 2021 incident was the last one identified by Young in his Complaint. In this incident, Young alleges that rather than be given an accommodation for a workplace injury, he was sent home from work and put on unpaid medical leave. (Doc. # 3 at 6). Because the pleading must be construed liberally for a *pro se* plaintiff, and all inferences drawn in his favor as the non-moving party, the Court presumes that Young meant for this incident to be considered as part of the totality of circumstances of the workplace harassment he alleges. *See Wiliams v. General Motors Corp.*, 187 F.3d 553, 562 (6th Cir. 1999). Young filed his EEOC charge on April 4, 2022. The latest incident of harassment that he alleges occurred in December 2021. Taking the last day in December, this is a difference of 95 days, well within the appliable statute of limitations. Therefore, Young's claim of hostile work environment claim is not time barred.

### b. *Failure to state a claim*

Although timely filed, Young complaint fails to state a claim of hostile work environment as a matter of law. To state a claim of a racially hostile work environment, Young must demonstrate that "(1) [he] belonged to a protected group, (2) [he] was subject to unwelcome harassment, (3) the harassment was based on race, (4) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment, and (5) the defendant knew or should have known about the harassment and failed to act." *Williams v. CSX Transp. Co.,* 643 F.3d 502, 511 (6th Cir. 2011) (citing *Moore v. KUKA Welding Sys. & Robot Corp.,* 171 F.3d 1073, 1078–79 (6th Cir.1999)). Young has not met the fourth element because he has not alleged sufficient facts to show the harassment was sufficiently "severe or pervasive."

9

In considering whether the harassment was sufficiently severe or pervasive, the court will consider the totality of the circumstances. *General Motors Corp.*, 187 F.3d at 562 (citing *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 23 (1993)). The Court must consider "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Clark v. United Parcel Serv., Inc.*, 400 F.3d 341, 351 (6th Cir. 2005) (quoting *Harris*, 510 U.S. at 23). The conduct alleged must be "extreme" to the point that it changes the "terms and conditions of employment." *Barrett v. Whirlpool Corp.*, 556 F.3d 502, 515 (6th Cir. 2009). "[I]solated incidents (unless extremely serious)" will not rise to this level. *Id.*

Young fails to show the harassment was sufficiently "severe and pervasive." Young alleges at least four instances of harassment. The first incident alleged by Young occurred in June 2020, when a white coworker "became upset for some reason" and yelled at Young aggressively. (Doc. #3 at 5). However, a white coworker yelling at Young, with no racial content, will not support a finding of racial harassment. *See Freeman v. Delta Airlines, Inc.,* No. 2:15-CV-160-WOB-CJS, 2021 WL 2560086, at *3 (E.D. Ky. June 22, 2021) (highlighting deposition testimony that "[a]s for the white employee who yelled and cursed at him, he testified that it had no racial content" as insufficient proof of racial harassment).

The second incident was when Young was suspended for a week for allegedly throwing a box on the floor.[2] The third incident was in November 2021, when Defendant

---

2   Young alleges that he was falsely reported for this incident. (Doc. # 3 at 5). Additionally, Young does not note in his Complaint when this incident occurred—just that he discussed it with management in June 2020. (*See id.*)

Stewart allegedly cut Young's hours and gave them to two white employees so they could have extra hours. (*Id.* at 5-6). And finally, in December 2021, when Young was allegedly sent home with a workplace injury and put on unpaid medical leave rather than given an accommodation. (*Id.* at 6). These four instances of alleged harassment over a year and a half time period are not enough of an "ongoing pattern" to rise to the level of severe and pervasive hostility. *See Clark*, 400 F.3d at 352. These are no more than four isolated incidents, and therefore cannot be said to rise to the level of extreme conduct as is required. *See Barrett*, 556 F.3d at 515.

### 2. Retaliation claim

Young has also not sufficiently pled retaliation under Title VII. To allege retaliation, Young must show that he was (1) "engaged in an activity protected by Title VII; (2) that the exercise of [Young's] civil rights was known by the defendant; (3) that, thereafter, the defendant took an employment action adverse to [Young]; and (4) that there was a causal connection between the protected activity and the adverse employment action*.*" *Williams v. Gen. Motors Corp.*, 187 F.3d 553, 568 (6th Cir. 1999) (citing *Wrenn v. Gould*, 808 F.2d 493, 500 (6th Cir. 1987)).

Young has not met elements three and four of a prima facie case of retaliation. As to the first element, Young engaged in protected activity when he reported to management that he felt he was being subjected to racial discrimination. (*See* Doc. # 3 at 5); *Stanley v. ExpressJet Airlines, Inc.*, 808 F. App'x 351, 358 (6th Cir. 2020) (noting that under Title VII two activities are protected: "opposition to discriminatory practice or participation in an investigation"). This could include both the May 21, 2020 report and the meeting with management on June 24, 2020. FedEx's argument that Young's only

11

basis for his claim was really a request for accommodation (Doc. # 16 at 4), is incorrect. While Young did make a request for accommodation, this was not until December 2021, after he had made other attempts to report the alleged disparate treatment to management. (*See* Doc. # 3 at 6). Before this, he pled that he had reached out to FedEx management regarding the "unfair treatment" he was experiencing. (Doc. # 3 at 5). This is plainly protected activity under Title VII. *See Stanley,* 808 F. App'x at 358. As to element two, FedEx was aware of Young's exercise of his civil rights because management allegedly held a meeting with Young where they specifically asked him about the treatment he was experiencing. (Doc. # 3 at 5).

However, Young has not alleged sufficient facts showing that FedEx took employment action adverse to Young or that any action taken by FedEx had a causal connection with his reports of racial discrimination. To establish the third element of adverse action, Young must show that "a reasonable employee would have found the challenged action materially adverse," which means it "might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Laster v. City of Kalamazoo*, 746 F.3d 714, 731 (6th Cir. 2014) (quoting *Burlington Northern and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)). It is difficult to see from the face of the Complaint which treatment Young alleges is retaliatory. Young's retaliation claim seems to be more conclusory than fact-based. In his Response to Defendant's Partial Motion to Dismiss, Young attempts to allege additional facts to support his claim of retaliation. (Doc. # 31). However, the Court may not consider allegations not included in the Complaint. *See Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 613 (6th Cir. 2009). The only conduct

that might be considered materially adverse is the November 11, 2021, actions taken by Stewart to allegedly cut Young's hours.  (*See* Doc. # 3 at 5-6).

Even if this incident satisfies the third element of a claim of retaliation, Young still has not sufficiently pled the fourth element of causation.  To establish causation, Young must show that his reporting of the unfair treatment was the "but-for cause of the alleged adverse action by the employer."  *Laughlin v. City of Cleveland*, 633 F. App'x 312, 315 (6th Cir. 2015) (quoting *Univ. of Tex. Sw. Med. Ctr. v. Nassar,* 570 U.S. 338, 362 (2013)).  Causation may be inferred based on when the adverse employment action took place. *See Mickey v. Zeidler Tool & Die Co*., 516 F.3d 516, 525 (6th Cir. 2008).  However, when "some time elapses between when the employer learns of a protected activity and the subsequent adverse employment action," the employee will need other evidence of retaliatory conduct.  *Id.*  Here, Young has neither.  The allegedly retaliatory conduct of Stewart occurred almost a year and half after Young's meeting with management.  (*See* Doc. # 3 at 5).  Young alleges no other evidence of retaliation, to the point where it is difficult for the Court to determine which incidents he believes were adverse employment actions resulting from his reporting of discrimination.  Even as a *pro se* plaintiff Young cannot rely solely on conclusory statements of law.  As such, his claim of retaliation fails.

### III.   CONCLUSION

For the foregoing reasons, it is **ORDERED** as follows:

(1)   Defendant's Partial Motion to Dismiss the complaint (Doc. # 16) is **GRANTED**; and

(2)   The Magistrate Judge's Report and Recommendation (Doc. # 25) is **ADOPTED** as the findings of fact and conclusions of law of the Court.

This 29th day of August, 2023.



Signed By:
*David L. Bunning*   DB
United States District Judge

K:\DATA\ORDERS\Cov2023\23-61 MOO.docx