UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 23-61-DLB-CJS

IVAN YOUNG                                                                                       PLAINTIFF

v.                                           **MEMORANDUM ORDER**

FEDEX EXPRESS, et al.                                                                DEFENDANTS

\* \*   \* \*   \* \*   \* \*   \* \*   \* \*   \* \*   \* \*

This matter is before the Court upon Defendant's Motion to Dismiss the Complaint. (Doc. # 53). Plaintiff having filed no response, and the time for doing so having passed, this Motion is now ripe for review. Defendant moves to dismiss pursuant to Rule 41(b) and 37(b)(2). For the reasons stated below, the Defendant's Motion to Dismiss will be **granted**, and the case will be dismissed.

Under Rule 41(b), a court may dismiss a case for plaintiff's failure to prosecute. Courts consider the following four factors to determine whether dismissal is warranted:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999). While no single factor is dispositive, a case is considered properly dismissed where the record clearly shows delay or other willfully disobedient conduct. *See id*. (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir.1980)).

All four factors have been satisfied here. First, Plaintiff has repeatedly failed to respond to Defendant's motions, the court's show cause order, and discovery deadlines. This amounts to bad faith because it is "intentional [and] reckless." *Webastro Thermo & Comfort N. Am., Inc. v. Bestop, Inc.*, 323 F. Supp. 3d 935, 939-40 (E.D. Mich. 2018). Plaintiff had previously been ordered to show cause why his case should not be dismissed for failure to state a claim. (*See* Doc. # 21). Plaintiff did not respond to this Order. Plaintiff also did not attend the Telephonic Scheduling Conference before Magistrate Judge Stephanie K. Bowman. Instead, he waited and filed Objections to the Magistrate Judge's R&R after she had already recommended his case be dismissed. (*See* Docs. # 30, 31). This Court, liberally construing Plaintiff's *pro se* Objections, allowed for the untimely filing and considered Plaintiff's Objections. (*See* Doc. # 50). However, Plaintiff's continued failure to respond to deadlines shows an intentional disregard for his case. !!!!

Second, Defendant has been prejudiced by Plaintiff's failures to respond. Defendant has participated in discovery and therefore incurred discovery costs. Plaintiff's noncompliance with the discovery deadlines renders these efforts "fruitless," causing Defendants to continue to "waste[] time, money, and resources" as it attempts to "obtain basic discovery" from Plaintiff. *Vickers v. Mt. Morris Twp. Police Dep't*, No. 19-12250, 2022 WL 4820423, at *3 (E.D. Mich. Aug. 17, 2022), *Report & Recommendation adopted sub nom.*, No. 19-CV-12250, 2022 WL 4715589 (E.D. Mich. Sept. 30, 2022).

Third, Plaintiff has been warned multiple times that his failure to cooperate could lead to the dismissal of his case. Magistrate Judge Bowman's March 1, 2023 Show Cause Order initially put Plaintiff on notice that if he failed to reply to Defendant's motions, they may be granted solely on that basis. (*See* Doc. # 21 at 2) ("Failure to timely comply

with this Order will result in the pending motion being granted as unopposed for the reasons stated therein."). Additionally, on September 5, 2023, Magistrate Judge Candace Smith held a Telephone Conference with the parties and "discussed with Plaintiff the consequences" of failing to comply with her order that he provide initial disclosures and responses to Defendant's discovery requests by September 8. (Doc. # 52). Despite these clear instructions, Plaintiff not only failed to submit his initial disclosures and responses by the deadline, but he has not submitted them at all. Defendant's present Motion to Dismiss for failure to cooperate in discovery also should have given Plaintiff notice that his Complaint may be dismissed, but Plaintiff has failed to respond.

Finally, the Court concludes that less drastic sanctions were considered at each other point in the litigation where Plaintiff did not respond, yet the Court allowed the case to continue. Because Plaintiff has continued to show his blatant disregard for court deadlines, the Court finds that dismissal is the appropriate action at this stage.

Defendant requests that this Court dismiss Plaintiff's suit with prejudice. (Doc. # 53 at 8). However, dismissal for failure to prosecute is already a "harsh sanction which the court should order only in extreme situations showing a 'clear record of delay or contumacious conduct by the plaintiff.'" *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614–15 (6th Cir. 1998) (citations omitted). Therefore, the Court will dismiss this case without prejudice. Because the Court is dismissing this case pursuant to Rule 41(b) for failure to prosecute rather than under Rule 37(b), Plaintiff will not be ordered to pay Defendant's costs in bringing its Motion to Dismiss. (*See* Doc. # 53 at 8).

Accordingly,

**IT IS ORDERED** as follows:

(1) Defendant's Motion to Dismiss (Doc. # 53) is **GRANTED**;

(2) Plaintiff's Complaint (Doc. # 1) is **DISMISSED without prejudice** for failure to prosecute; and

(3) This matter is **STRICKEN** from the active docket of the Court.

This 30th day of October, 2023.



Signed By:
_David L. Bunning_
United States District Judge

K:\DATA\ORDERS\Cov2023\23-61 Dismissal under Rule 41.docx